# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

Nº 11-CV-5221 (JFB)(ARL)

---

KAREEM B. TAYLOR,

Plaintiff,

VERSUS

DR. W. HUBERT KEEN, IN HIS OFFICIAL CAPACITY,

Defendant.

---

**MEMORANDUM AND ORDER**
September 5, 2012

---

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Kareem B. Taylor ("Taylor" or "plaintiff") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Dr. W. Hubert Keen ("Dr. Keen" or "defendant"), alleging that his rights were violated pursuant to the First Amendment of the United States Constitution. Plaintiff seeks a declaratory judgment that the defendant acted in violation of the Constitution. Specifically, plaintiff asserts that, while a nursing student at the State University of New York, Farmingdale State College, he was dismissed from the nursing program for making unethical statements regarding patients from foreign countries, as well as for insubordination. Plaintiff denies making these statements, but attempts to bring this lawsuit against Dr. Keen (who is the President of the College) for an alleged First Amendment violation in connection with his dismissal from the nursing program.

Defendant moved to dismiss the complaint. For the reasons set forth below, defendant's motion is granted in its entirety. Plaintiff has failed to allege any personal involvement by Dr. Keen, and Section 1983 cannot be imposed on Dr. Keen as a supervisor through the doctrine of *respondeat superior*. Moreover, although leave to re-plead has not been requested, the Court declines in its discretion to give plaintiff an opportunity to re-plead because, even if plaintiff alleged personal involvement by Dr. Keen, his First Amendment claim fails as a matter of law because plaintiff denies engaging in the

speech that is the subject of the claim. Thus, any leave to re-plead would be futile.[1]

I. BACKGROUND

A. Factual Background

The following facts are taken from the complaint and are not finding of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

Taylor was a student enrolled in the Licensed Practical Nurse Program (the "Nursing Program") at the State University of New York, Farmingdale State College ("SUNY Farmingdale"). (Compl. ¶ 2.) Dr. Keen was, at all relevant times, President of SUNY Farmingdale. (*Id.* ¶¶ 3, 10.)

While plaintiff was attending SUNY Farmingdale's Nursing Program, plaintiff was accused by Professor Rewa Thompson ("Professor Thompson") of making unethical statements during clinical, and as a result, was dismissed from the Nursing Program at SUNY Farmingdale. (*Id.* ¶¶ 11-13.) Specifically, Professor Thompson's review of plaintiff on his Department of Nursing Counseling Record for the Course LPN 102H (NUMC, Mother/Baby Unit) dated June 14, 2011 (the "Counseling Record"), indicated that plaintiff requested that he not be assigned any "foreign patients" for the day because his patient from South America the other day gave him "something" and that "foreign patients were more likely to have TB." (*Id.* ¶ 12; Compl. Ex. 1.) The Counseling Record indicates that Professor Thompson told plaintiff that if he was ill he should not perform patient care and that, as a nurse, it was his obligation to care for patients regardless of their cultural or ethnic background or physical illness. (*Id.*; Compl. Ex. 1.) Plaintiff was advised that, as a student, he could not refuse a patient assignment and that his statement about foreign patients was considered unethical. (*Id.*; Compl. Ex. 1.) Professor Thompson stated that plaintiff made this statement to her three times in the presence of other students. (*Id.*; Compl. Ex. 1.) Further, the Counseling Record completed by Professor Thompson states that:

> Kareem's insubordination in not leaving the unit in a timely fashion when asked warrants a clinical failure for the day. He has demonstrated that he is unsafe in the clinical setting by remaining on the unit and possibly exposing patients to a potential health hazard since he stated that he may be sick. His statement regarding not wanting to care for particular types of patients and sleeping during clinical hours violates school policy and results in a clinical failure for the LPN 102 course and failure to continue in the nursing program.

(*Id.* ¶ 14; Compl. Ex. 1.) As a result of this alleged conduct, plaintiff was dismissed from the nursing program at SUNY Farmingdale. (*Id.* ¶ 13.)

Taylor filed a grievance on June 16, 2011, with the Nursing Department's Admissions and Academic Standards Committee (the "Nursing Committee") and provided them with a letter that gave plaintiff's account of what happened on the

---

[1] The complaint notes that plaintiff also has filed two lawsuits in New York State court relating to the circumstances surrounding his dismissal from the nursing program. (Compl. ¶ 2.) Of course, the dismissal of his federal claim in this lawsuit does not affect his ability to pursue any state claim that he may have in state court.

day in question. (*Id*. ¶¶ 15-16; Compl. Exs. 2, 4.) Plaintiff's appeal was heard by the Nursing Committee on June 21, 2011, and on June 27, 2011, it rendered a decision supporting Professor Thompson's decision to give plaintiff a failing grade for the clinical course requirements. (*Id*. ¶ 17; Compl. Ex. 3.)

On June 29, 2011, plaintiff filed an appeal of the Nursing Committee's decision to the Admission and Academic Standards Appeals Committee (the "Appeals Committee"). (*Id*. ¶ 18; Compl. Ex. 5.) The Appeals Committee reviewed plaintiff's appeal on July 12, 2011, and did not permit plaintiff to attend the review. (*Id*. ¶ 19.) The Appeals Committee supported Professor Thompson's decision and informed plaintiff with a letter dated July 14, 2011. (*Id*. ¶ 20; Compl. Ex. 7.)

Plaintiff denies making the statements that were the basis for the failing grade and dismissal from the nursing program, while simultaneously alleging that his First Amendment Right to Free Speech was violated. (*Id*. ¶¶ 22, 23, 24.) As plaintiff states, "I deny ever making any statemtns that Professor Thompson accuse[d] me of making on June 14, 2011 that relates to being unethical." (*Id*. ¶ 22.)

B. Procedural History

Plaintiff filed his complaint on October 19, 2011 with a motion for leave to proceed *in forma pauperis*. This Court granted plaintiff's motion on November 7, 2011.

Defendant requested a pre-motion conference in anticipation of his motion to dismiss the complaint. By Order dated December 13, 2011, the Court waived the pre-motion conference requirement and set a briefing schedule. In accordance with the briefing schedule, defendant filed his motion on January 13, 2012. Plaintiff filed his opposition on February 1, 2012. Defendant filed his reply on March 1, 2012. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss)

### III. DISCUSSION

Defendant Dr. Keen argues that plaintiff's complaint should be dismissed because Section 1983 liability cannot be imposed on Dr. Keen, as a supervisor, through the doctrine of *respondeat superior*. (Def.'s Br. at 6-7.) Plaintiff counters that "Dr. Keen is President of Farmingdale and as President he is responsible for the employees of Farmingdale, especially those that are employed as faculty members of Farmingdale." (Pl.'s Opp. Br. at 3.) For the reasons set forth *infra*, this Court agrees with defendant, and grants defendant's motion to dismiss.

### A. Legal Standard

To prevail on a claim under Section 1983, a plaintiff must show: (1) the

deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation and quotation marks omitted). In other words, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Supervisor liability can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Id.* at 145 (citation omitted).

B.     Application

Despite plaintiff's statement that Dr. Keen is responsible for the employees of SUNY Farmingdale, plaintiff has failed to make any allegation that Dr. Keen was personally responsible for the alleged unconstitutional violation. There is no allegation in plaintiff's complaint that Dr. Keen was a member of either the Nursing Committee or the Appeals Committee, or was even aware of their decisions. There is also no allegation that Dr. Keen created, or was even aware, of a policy or custom amounting to a constitutional violation. Plaintiff indicates nowhere in his complaint or opposition papers that Dr. Keen had any involvement in plaintiff's case, or in any unconstitutional policies that caused the injury. Plaintiff's sole basis for bringing this action against Dr. Keen is that he is the President of SUNY Farmingdale. The fact that Dr. Keen is the President of SUNY Farmingdale is not sufficient to sustain a plausible Section 1983 claim against him in his official capacity as President because it is well settled that there is no *respondeat superior* liability under Section 1983. Sheer speculation that Dr. Keen (as President of SUNY Farmingdale) must have known about plaintiff's failing grade and dismissal from the nursing program is insufficient to survive a motion to dismiss. Accordingly, plaintiff's complaint must be dismissed in its entirety.[2]

IV. LEAVE TO RE-PLEAD

Defendant argues that plaintiff should not be given leave to re-plead because leave

---

[2] Defendant also argues, in the alternative, that he is entitled to qualified immunity. (Def.'s Br. at 2-5.) Plaintiff does not oppose this argument in his opposition papers. The Court notes that, because the defendant is sued only in his official capacity (not his individual capacity), qualified immunity is inapplicable to the Section 1983 claim. *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) ("with respect to an official-capacity claim, qualified immunity is simply not a defense"); *Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) ("[B]ecause a claim asserted against a government official in his official capacity is essentially a claim against the governmental entity itself, the defense of qualified immunity, which may be available to individual defendants as they are sued in their individual capacities, is not applicable to claims against them in their official capacities."). However, the Court has already determined that the complaint must be dismissed on the other ground asserted by defendant.

to re-plead is only appropriate when, based on the first complaint, it is conceivable that plaintiff can state a cause of action, and plaintiff in this case cannot assert a plausible Section 1983 claim. Plaintiff does not address this issue in his opposition, and does not request leave to re-plead.

Although plaintiff has not requested an opportunity to amend his complaint, the Court has independently considered whether to give plaintiff an opportunity to re-plead and concludes that leave to re-plead is unwarranted because any attempt to amend this complaint would be futile. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). As discussed below, even if plaintiff alleged personal involvement by Dr. Keen in the decision making process that led to his failing grade in the clinical and termination from the Nursing Program, his claim would still fail as a matter of law against Dr. Keen, either in his official or individual capacity (as well as against any individuals involved in the decision making) because plaintiff denies having engaged in the speech which he attempts to argue is protected by the First Amendment. Thus, having reviewed the compliant and plaintiff's opposition papers, the Court declines in its discretion to provide plaintiff with an opportunity to re-plead because he cannot correct the defects in the federal claims.

Plaintiff attempts to assert a First Amendment claim based upon unethical statements he was accused of making. (*See* Compl. ¶ 23 ("I bring this compliant [sic] to the United States District Court because I believe that the defendant has violated my First Amendment Right to Freedom of Speech."); *id.* at ¶ 25 ("I bring this compliant [sic] to the court because I believe such unethical statements that I was accused of making are protected by the United States Constitution.").) However, in the complaint, plaintiff also emphatically denies having made the unethical statement that led to his discipline. (*See* Compl. ¶ 22 ("I deny ever making any of the statements that Professor Thompson accuse[d] me of making on June 14, 2011 that relates to being unethical."); *id.* at ¶ 24 ("**I never made the unethical statements that I was accused of.** I was however disciplined by SUNY Farmingdale State College because they believe I made unethical statements." (emphasis in original)).) Plaintiff reiterates this point in his opposition papers. *See* Pl.'s Opp. at 10 ("I did not make the statements Professor Thompson accused me of making."). Plaintiff then summarizes his claim as

6

follows: "Professor Thompson initially violated my First Amendment Rights of the United States Constitution. Professor Thompson disciplined me for making unethical statements that I did not make but [i]f I did they would be protected by the First Amendment of the United States Constitution." (*Id.*) This proposed First Amendment claim, even if allegations of personal involvement by Dr. Keen were added in an amended complaint, simply cannot survive a motion to dismiss. A plaintiff cannot deny the statements at issue were made, and simultaneously claim that his First Amendment rights were violated due to punishment for the speech that he asserts never occurred. In other words, a First Amendment claim cannot exist as a matter of law when the claim is based upon speech that plaintiff asserts never took place.

Numerous circuit courts have reached the same conclusion under analogous circumstances. *See*, *e.g.*, *Spencer v. Cain*, No. 08-31096, 2010 WL 8750607, at *3 (5th Cir. Aug. 6, 2010) ("Insofar as one can liberally construe [plaintiff's] amended complaint to raise a First Amendment claim over the 'dictators' statement, we note that a plaintiff cannot assert a First Amendment violation over a statement that he denies making."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 662 (9th Cir. 2000) ("This First Amendment case is unusual because [plaintiff] asserts that the defendants retaliated against her for speech that she insists she did not make. Accepting [plaintiff's] allegations as true, she thus has not engaged in any relevant constitutionally protected speech."), *cert denied*, 531 U.S. 927; *Jones v. Collins*, 132 F.3d 1048, 1054 (5th Cir. 1998) ("[Plaintiff] contends that she never spoke out – positively or negatively – regarding the prospect of placing the alternative education program on the Dunbar campus. The fact that [the Superintendent of the School District] transferred [plaintiff] on the basis of a mistaken belief that she spoke out in a manner that we assume for the sake of argument would have been constitutionally protected fails to establish a violation of [plaintiff's] First Amendment rights. An asserted 'bad motive' on the part of [the Superintendent] cannot of itself form the basis of a First Amendment violation."); *Fogarty v. Boles*, 121 F.3d 886, 887 (3d Cir. 1997) ("We conclude that plaintiff fails to meet his burden of proving a violation of his free speech rights when he denies contacting, attempting to contact, or having any intention of contacting the press. Because of the absence of protected speech, we will affirm the grant of summary judgment in favor of the principal."); *Barkoo v. Melby*, 901 F.2d 613, 619 (7th Cir. 1990) ("[Plaintiff] not only admits, she insists that she did not provide any information to the press. [Plaintiff] provides no authority for the proposition that her free speech rights are deprived in violation of § 1983 when the speech at issue admittedly never occurred.").

In sum, because plaintiff denies engaging in the speech that would be the subject of his First Amendment claim, granting plaintiff leave to re-plead would be futile. Thus, dismissal without leave to re-plead is warranted.

V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. Moreover, in its discretion, the Court does not believe leave to re-plead is warranted. Accordingly, the Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    September 5, 2012
             Central Islip, NY

       \* \* \*

Plaintiff is proceeding *pro se*. Defendant is being represented by Lori L. Pack of the Office of the Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788.